## Case No. 3,244.

CORN EXCH. NAT. BANK, Etc., v. PHILA-
DELPHIA TRUST, SAFE–DEPOSIT
& INS. CO. et al.

[33 Leg. Int. 401;[1] 11 Phila. 510; 22 Int. Rev.
Rec. 385; 9 Chi. Leg. News, 65.]

Circuit Court, E. D. Pennsylvania.   Oct. 26,
1876.

### ASSIGNMENT FOR BENEFIT OF CREDITORS.

Where the effect of an instrument is to transfer property beyond the reach of an execution in trust for the benefit of assenting creditors, it is within the purview of the statutes regulating voluntary assignment for creditors.

R. C. McMurtrie, for complainants, and against master's report.

George Junkin and John Fallon, for Gregg Bros., judgment creditors.

McKENNAN, Circuit Judge. In Watson v. Bagaley, 2 Jones [12 Pa. St.] 167, a letter of attorney, authorizing the attorneys named in it to demand, sue for and receive all the choses in action of the principal, and apply the proceeds to the payment of certain enumerated debts, was held to be substantially a voluntary assignment, and within the purview of the Pennsylvania statutes regulating transfers for the benefit of creditors. The chief justice there said, "An assignment of a chose in action, or of a fund, need not be by any particular form of words, or particular form of instruments. It leaves the legal ownership, and conse-

quent right of action, in the assignor; and it has, therefore, been treated as a declaration of trust for the assignee, or an agreement that he shall receive the money to his own use, or, as the case may be, to the use of the persons beneficially concerned. Any binding appropriation of it to a particular use, by any writing whatever, is consequently an assignment, or what is the same, a transfer of the ownership. * * * If, then, the letter of attorney, and the acts done pursuant to it, virtually constituted an assignment, it was decisively within the purview of the statutes to regulate transfers for the benefit of creditors, else these statutes might be evaded and the precious power to prefer be retained by changing the form of the instrument. * * * Here the garnishees had the property for the creditors by force of an irrevocable power, and it was consequently subject to attachment." So also in Lucas v. Sunbury & E. R. Co., 8 Casey [32 Pa. St.] 461, a lease of a railroad, stipulating for the retention of a certain proportion of its earnings by the lessee, and the payment of the remainder to certain creditors of the lessor, was held to be an assignment in trust for the benefit of creditors, within the meaning of the statutes relating to such assignments. In delivering the opinion of the court below on the points reserved at the trial Hare, J., said, "Were I to express the inclination of my own mind in the point now before me, I should say that every grant or transfer by a debtor, which places the property transferred beyond the reach of an execution, and charges it with a trust for the payment of debts, is within the letter and spirit of the acts of assembly by which assignments for the benefit of creditors are regulated, and is consequently void, unless the provisions of these acts are complied with, both as it regards the nature of the trust and the formalities necessary for its creation." And this was distinctly approved by the supreme court.

Now, if we apply the reasoning of these opinions to the present case, it is decisive of the character of the instrument of November 10, 1873. Its nature must be determined by its effect, rather than by its form; and while it is undoubtedly a mortgage to some intents, as every security for creditors may be more or less so, it certainly places the property transferred beyond the reach of an execution, and creates a trust for the benefit of creditors. It is a transfer of the ownership of the property described in it, by insolvent debtors, to a trustee for the benefit of creditors assenting to it, and so operates as a binding appropriation of such property to the use of the assenting creditors. True, it is defeasible by payment of the debts secured by it at their maturity, but in like manner, might the execution of an absolute voluntary assignment be arrested, and the trust created by it be superseded. It is none the less, in its effect

---

[1] [Reprinted by permission.]

and operation, a voluntary assignment by insolvent debtors of part of their property in trust for the benefit of some of their creditors, and so is within the purview of the statutes regulating such transfers.

We, therefore, concur in the conclusion reached by the master, and remand the case to him, with directions to make distribution in conformity with his report.